## In re CALIFORNIA MICRO DEVICES SECURITIES LITIGATION.

### This document relates to All Actions.

### No. C–94–2817–VRW.

United States District Court,
N.D. California.

July 19, 1996.

Wilson, Sonsini, Goodrich & Rosati, Palo Alto, CA, for defendants.

Richard B. Dannenberg, Neil L. Selinger, Lowey Dannenberg Bemporad & Selinger, New York City, William S. Lerach, Milberg, Weiss, Bershad, Hines & Lerach, San Diego, CA, Andrew J. Ogilvie, Law Office of Andrew J. Ogilvie, San Francisco, CA, Richard Vita, Law Offices of Richard Vita, Boston, MA, Robert M. Kornreich, Wolf, Popper, Ross, Wolf & Jones, New York City, Bernard Malina, Malina & Wolson, New York City, John E. Grasberger, Milberg, Weiss, Bershad, Hines & Lerach, San Francisco, CA, Stanley M. Grossman, Pomerantz, Haudek, Block & Grossman, New York City, Francis M. Gregorek, Wolf Haldenstein Adler Freeman & Herz, San Diego, CA, David B. Zlotnick, Zlotnick & Thomas, Tucson, AZ, James V. Bashian, Law Offices of James V. Bashian, New York City, Max W. Berger, Bernstein, Litowitz, Berger, & Grossman, New York City, Richard Harrington, Chandler, Wood, Harrington & Maffly, San Francisco, CA, Michael D. Donovan, Chimicles, Jacobsen & Tikellis, Haverford, PA, Daniel C. Girard, Girard & Green, San Francisco, CA, Edward Labaton, Lawrence A. Sucharow, Goodkind, Labaton, Rudoff & Sucharow, New York City, Joseph J. Tabacco, Jr., Jeffrey Lawrence, Berman, Devalerio, Pease & Tabacco, San Francisco, CA, Michael J. Pucillo, Andrew H. Kayton, Burt & Pucillo, West Palm Beach, FL, Patrick J. Grannan, Chimicles, Jacobsen & Tikellis, Los Angeles, CA, George Donaldson, Law Offices of George Donaldson, San Francisco, CA, Paul F. Bennett, Gold & Bennett, San Francisco, CA, Joseph Hassett, Hogan & Hartson, LLP, Washington, DC, Elizabeth Cabraser, James Finberg, Lieff, Cabraser, Heimann & Bernstein, San Francisco, CA, for plaintiffs.

### ORDER

WALKER, District Judge.

In an earlier order, *In re California Micro Devices Securities Litigation,* 1996 CCH Fed.Sec.L.Rpts. ¶ 99,105, 168 F.R.D. 257 (N.D.Cal.1996), the court pointed out that in a securities class action only class members who retain their securities until the end of the class period or for whom the spread between price and true value was greater at the time of purchase than at the time of sale are entitled to participate in any recovery won by the class. *Id.* at 94,671–94,672, 168 F.R.D. at 263–65. Hence, only the views of these claims class members are entitled to weight in evaluating the merits of the litigation.

Although the court in the earlier order .designated the Colorado Public Employees Retirement Association ("ColPERA") as class representative, *id.* at 94,681, 168 F.R.D. at 275–76, it was at that time unclear whether ColPERA was a claims class member. The court therefore left the door open to intervention by additional class representatives. *Id.* at 94,681 n. 10, 168 F.R.D. at 275–76 n. 10. Apparently as a result of this concern, class member California State Teachers' Retirement System (CalSTRS) now moves under FRCP 24 to intervene as plaintiff and additional class representative. After this motion was filed, all parties stipulated to CalSTRS's intervention and addition as class representative. For the reasons stated below, CalSTRS's motion is GRANTED.

### I

■ Rule 24 is construed broadly in favor of intervention. *Greene v. United States,* 996 F.2d 973, 976 (9th Cir.1993). A court may grant permissive intervention under Rule 24(b) where: (1) the movant shows independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense and the main action have a question of law or fact in common. *Id.* at 978.

■ CalSTRS has shown independent grounds for jurisdiction by pleading facts which allege that it suffered pecuniary injury as a result of the alleged fraud. CalSTRS's motion to intervene is timely, coming at the pleading stage of this case. Finally, CalSTRS is asserting claims identical to those asserted by class representative ColPERA. The court therefore concludes that it has discretion to grant CalSTRS's motion to intervene.

CalSTRS purchased 200 shares on May 13, 1994, at $19.77 per share and apparently held those shares through the class period. CalSTRS Complaint at ¶ 7. Although

CalSTRS's holdings in CAMD are small, the fact that it is both a retention member of the class and an institutional investor with a continuing interest in maintaining the integrity of the securities markets means that it will provide valuable—indeed, crucial—guidance to the prosecution of this action. See generally *id.* at 94,677–94,678, 168 F.R.D. at 270–73. The addition of CalSTRS as a class representative will ensure that this action is being guided by a claims class member. See *id.* at 94,681 n. 10, 168 F.R.D. at 275–76 n. 10. Furthermore, CalSTRS is a large institutional investor with an extensive background and experience in financial matters. The court therefore GRANTS the motion of CalSTRS to intervene as plaintiff and additional class representative. The clerk is DIRECTED to file the complaint of class representative California State Teachers' Retirement System.

## II

The court notes that the appointment of ColPERA and addition of CalSTRS as class representatives satisfies, at least for the present time, the concerns raised by the court in the earlier order that LCH & B was acting without supervision from class members and had effectively appointed itself class counsel. See *id.* at 94,679–94,680, 168 F.R.D. at 273–75. As noted in the earlier order, institutional investors such as ColPERA and CalSTRS are much better situated than are small investors to monitor and supervise the manner in which class counsel prosecute securities class actions. *Id.* at 94,680, 168 F.R.D. at 274–75. Because of institutional investors' greater capabilities in this regard, the court is less troubled by the continuing participation of LCH & B in this case as local counsel than it would be if investors of less stature and capability than ColPERA and CalSTRS had been appointed class representatives. As local counsel, LCH & B will presumably have a limited role and will be under the direction of lead counsel Hogan & Hartson who, in turn, will presumably be *actively* supervised by ColPERA and CalSTRS. As the court's earlier order took pains to articulate, it is never appropriate for class counsel to prosecute class actions without *active* and *adequate* supervision and direction from the class representative. *Id.* at

94,679–94,680, 168 F.R.D. at 273–75. As major institutional investors who repeatedly engage in transactions in the securities markets, it would appear that ColPERA and CalSTRS, unlike most individual investors, have both the expertise and resources actively to supervise and direct the conduct of principal and local class counsel in prosecuting this open market securities class action. It is in the belief that the class representatives, not the lawyers, are in charge of this litigation that LCH & B is permitted to proceed as local counsel.

IT IS SO ORDERED.